IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PAMELA DELORES GREEN,

    Petitioner,

v.

TOM CHAPMAN, Warden;
Warden DAVIS; and
SAM OLENS, Attorney General,

    Respondents.

CIVIL ACTION NO.: CV612-009

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Pamela Green ("Green") filed a petition for writ of habeas corpus, as amended, pursuant to 28 U.S.C. § 2254 challenging her conviction obtained in the Emanuel County Superior Court. Respondent filed an Answer-Response. Green filed a Reply. For the reasons which follow, Green's petition should be **DENIED**.

## STATEMENT OF THE CASE

Green was convicted after a jury trial of burglary and theft by deception. Green was sentenced to 20 years' imprisonment for the burglary count and 10 years' imprisonment for the theft by deception count, to be served consecutively, and both without the possibility of parole. (Doc. No. 12-1, p. 1). After obtaining new counsel, Green filed a motion for new trial. In that motion, Green asserted that her sentence constituted cruel and unusual punishment and that the trial judge erred in finding that her sentence under the recidivism statute could not be probated or suspended. Green also asserted that it was error to admit evidence relating to similar transactions, bad

character, and her failure to appear. Green also asserted that the prosecution was guilty of misconduct based on statements made in the opening statement. (Doc. No. 13-6, pp. 58-79). Green's motion was denied.

Green then filed a direct appeal and raised three (3) issues: 1) the evidence was insufficient that she entered a residence to burgle or otherwise participated in the burglary committed by her husband and another man; 2) there was insufficient evidence supporting the charge of theft by deception, as there was no evidence that she made any false statement or confirmed any false fact to the victim; and 3) her trial counsel was ineffective for failing to object to inadmissible character evidence and for allowing the State to introduce evidence of her co-defendants' guilty pleas. (Doc. No. 13-12, pp. 60-80). The Georgia Court of Appeals affirmed Green's convictions and sentences. Green v. State, 301 Ga. App. 866, 689 S.E.2d 132 (2010).

Green filed a petition for writ of habeas corpus with the Pulaski County Superior Court. In her petition, Green asserted that she was prejudiced at trial because she was not present during jury empanelment and was not allowed to participate in the voir dire process to identify potentially biased jurors. Green also asserted that she was not afforded an adequate determination of her competency to stand trial. Green alleged that she was prejudiced by "prosecutorial misconduct" and/or trial court error in the following ways: a) the court did not allow her to be present during jury empanelment or to participate in voir dire; b) the court did not provide an adequate determination of her competency to stand trial; c) the court allowed the prosecution to introduce evidence of similar transactions based on the uncorroborated testimony of accomplices; d) the prosecution's opening statement was argumentative, highly prejudicial, and was likely to

inflame the passions of the jurors; e) the court allowed the prosecution to submit improper character evidence; f) the use of her co-defendants' testimony, failure to reveal her co-defendants' plea bargains, and failure to disclose her co-defendants' criminal histories; and g) the characterization of her conduct of failure to appear in court as flight or escape from prosecution. Green contended that her appellate counsel was ineffective because her appellate counsel failed to: bring ineffective assistance of trial counsel claims in a motion for new trial; show that ineffective assistance of trial counsel could be reviewed on appeal; bring arguments regarding the trial court's failure of voir dire impartiality; set forth arguments regarding the trial court's failure to provide a mental health evaluation; and file a motion for reconsideration with the Georgia Court of Appeals.[1] (Doc. No. 13-2). The Honorable Phillip R. West denied Green's petition. Green filed an application for certificate of probable cause to appeal the denial of her habeas corpus petition, which the Georgia Supreme Court denied. (Doc. No. 13-4).

In this petition, Green asserts that she was not allowed to participate in the voir dire process and was not present during the jury empanelment. Green also asserts that she was not provided with a competency hearing. Green contends that she was prejudiced by "prosecutorial misconduct"/trial court error in the following ways: a) the court did not allow her to be present during jury empanelment or to participate in voir dire; b) the court did not provide an adequate determination of her competency to stand trial; c) the court allowed the prosecution to introduce evidence of similar transactions based on the uncorroborated testimony of accomplices; d) the prosecution's opening

---

[1] Green apparently brought ineffective assistance of trial counsel claims in her state habeas corpus petition, as noted in the final order. However, the filing did not contain this ground, as Green's state habeas petition, as filed in this Court, went from "Ground Three" to "Ground Five".

statement was argumentative, highly prejudicial, and was likely to inflame the passions of the jurors; e) the court allowed the prosecution to submit improper character evidence; f) the use of her co-defendants' testimony, failure to reveal her co-defendants' plea bargains, and failure to disclose her co-defendants' criminal histories; and g) the introduction of a letter she purportedly wrote which stated, "'They know I didn't burglary (sic) no place by myself.'". (Doc. No. 1, p. 10).[2] Green avers that her trial counsel was ineffective for failing to seek the trial judge's recusal, as the trial judge had represented her in previous cases. Green also avers that her appellate counsel was ineffective because her appellate counsel failed to: 1) bring ineffective assistance of trial counsel claims in a motion for new trial; 2) show that ineffective assistance of trial counsel could be reviewed on appeal; 3) bring forth argument regarding the trial court's failure of voir dire impartiality; 4) set forth arguments regarding the trial court's failure to provide a mental health evaluation; and 5) file a motion for reconsideration with the Georgia Court of Appeals. Finally, Green asserts that her sentence amounts to cruel and unusual punishment, as her co-defendants received far less severe sentences than she did and that she was sentenced improperly under the recidivism statute.

Respondent asserts that Grounds 1, 2, 6, and most of Ground 3 are procedurally defaulted under the Georgia habeas corpus statute. Respondent also asserts that the remaining portion of Ground 3 and Ground 4 are new grounds but are procedurally defaulted under Georgia's successive petition rule. Respondent further asserts that the state habeas court's determination on Green's ineffective assistance of appellate counsel claims is entitled to deference.

---

[2] Green's petition appears to be missing a page, as filed. Green's page numbering goes from page 4(3)(c) to page 4(3)(e), and her enumerations of error go from number 6 to number 8.

4

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Procedurally Defaulted Claims**

Respondent contends that the state habeas court determined that Ground 1 (jury empanelment/voir dire), Ground 2 (competency), Ground 6 (sentence is cruel and unusual punishment), and the following from Ground 3 (prosecutorial misconduct/trial court error): absence during jury empanelment and voir dire; the lack of a competency hearing; the admission of similar transaction evidence; the prosecutor's opening statement; the admission of improper character evidence; and co-defendants' testimony, plea agreements, and criminal histories, were procedurally defaulted under Georgia law because Green did not raise these issues at trial or on direct appeal. Respondent also contends that the state habeas court determined that Green did not show cause and prejudice to overcome this procedural bar. Accordingly, Respondent contends, these Grounds are procedurally defaulted in this Court and should be dismissed.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural

AO 72A
(Rev. 8/82)

bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

The state habeas corpus court determined that Green's assertions that the trial court and her trial attorney did not allow her to participate in voir dire and did not have her evaluated to determine whether she was competent to stand trial were procedurally defaulted under Georgia law and that Green failed to establish cause (and, therefore, prejudice) to overcome this default. The court also determined that Green's assertions did not serve to avoid a miscarriage of justice. The state habeas corpus court also found the following "prosecutorial misconduct"/trial court error claims to be procedurally defaulted: Green was not present during voir dire; there was no evaluation to determine Green's competency to stand trial; the admission of similar transactions evidence; the prosecutor's opening statement was argumentative, highly prejudicial, and included statements which were not provable; the admission of bad character evidence; testimony from co-defendants; failure to reveal plea agreements of her co-defendants and her co-defendants' criminal histories; and characterizing her failure to appear for

6

court as an attempt to escape prosecution. The state habeas corpus judge noted that Green failed to raise, on appeal, any claim that her sentence constituted cruel and unusual punishment. Accordingly, these claims of "prosecutorial misconduct"/trial court error were procedurally barred because Green failed to show cause or that she satisfied the miscarriage of justice exception. (Doc. No. 15-1, pp. 2-9). In so doing, the state habeas corpus court relied on O.C.G.A. § 9-14-48(d).

> That statute provides, in relevant part:
>
> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

O.C.G.A. § 9-14-48(d). This is an independent and adequate state law ground. The state habeas corpus judge clearly and expressly stated he was relying on the Georgia procedural default rule in determining that the above-described claims were barred, particularly considering Green did not show cause excusing her procedural default, nor did Green's claims present a miscarriage of justice. In addition, the state habeas corpus judge's decision rests solidly on state law grounds, and the application of O.C.G.A. § 9-14-48(d) was not done arbitrarily or in an unprecedented fashion, as evidenced by Judge West's citation to Black v. Hardin, 255 Ga. 239, 339 S.E.2d 754 (1985). Thus, Green is not entitled to any relief based on these grounds.

Likewise, Green's claims of ineffective assistance of trial counsel as to her claims that improper character evidence and evidence that her co-defendants pled guilty to

7

burglary were admitted during trial are procedurally defaulted. Green's appellate counsel set forth these two grounds of ineffective assistance of trial counsel on appeal.[3] The Georgia Court of Appeals stated that Green's appellate counsel filed a motion for new trial but failed to raise ineffective assistance of trial claims. Thus, the Georgia appellate court determined these claims had been waived. In so doing, the Georgia court quoted Alford v. State, 293 Ga. App. 512, 515-16, 667 S.E.2d 680, 684 (2008), for the following proposition:

> It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment. The rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available. If the claim is not raised at the earliest practicable moment, it is waived.

Green, 301 Ga. App. at 869, 689 S.E2d at 135. The Alford decision rests on decisions from the Georgia Supreme Court and Court of Appeals dating back to at least 1987. See, e.g., Thompson v. State, 257 Ga. 386, 359 S.E.2d 664 (1987).

The Georgia Court of Appeals' determination regarding Green's claims of ineffective assistance of trial counsel, which were raised for the first time on appeal, constitutes an independent and adequate state law ground. The appellate court specifically stated it was relying on a previous decision, and its reliance on this decision

---

[3] In Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (Mar. 20, 2012), the United States Supreme Court determined that when, under state law, a prisoner is required to raise ineffective assistance of trial counsel claims for the first time "in a collateral proceeding, a prisoner may establish cause for a default" of these claims in two circumstances. ___ U.S. at ___, 132 S. Ct. at 1318. "The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland[.]" Id. As discussed above, Green's claims of ineffective assistance of trial counsel could have been raised for the first time in her state habeas proceeding, but Ms. Oliver failed to raise these claims in her motion for new trial. To the extent Green may assert that Ms. Oliver's assistance during the motion for new trial phase was ineffective, the undersigned relies on Section III of this Report.

was not done arbitrarily or in an unprecedented fashion. Accordingly, Green is not entitled to relief on these two grounds of ineffective assistance of trial counsel.

## II. Successive Petition Rule

Respondent asserts that the remaining portion of Ground 3 (letter purportedly written by Green) and Ground 4 (ineffective assistance of trial counsel for failure to ask the trial judge to recuse himself) are new grounds for relief but are barred by the successive petition rule. Respondent asserts that Green did not raise these issues in her state habeas petition, and these grounds for relief would be barred by the successive petition rule.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277-79 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (punctuation in original). The

9

unexhausted claims should be treated as if procedurally defaulted. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

> The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:
>
> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state] petition." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

Because Green failed to raise these two issues in her state habeas corpus petition, they are barred from being brought in this petition. Green has not shown that these two issues could not reasonably have been raised in her original state habeas corpus petition. Accordingly, Green is not entitled to her requested relief.[4]

### III. State Habeas Court Determination

---

[4] Respondent contends that Green did not raise claims of ineffective assistance of trial counsel in her state habeas petition. While Green's state habeas filings do not reveal she brought these claims, the final order, as noted above, indicates Green raised these claims. The state habeas corpus judge noted that Green's claims that her trial counsel was ineffective for failing to object to bad character evidence and to her co-defendants pleading guilty to burglary were raised on direct appeal and could not be re-litigated in her state habeas corpus petition absent a change in the facts or law. (Doc. No. 15-1, p. 5).

AO 72A
(Rev. 8/82)

Respondent asserts that the state habeas corpus court determined that Green's ineffective assistance of appellate counsel claims (Ground 5) lacked merit, and this determination is entitled to deference.

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme

11

Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla.

Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

The state habeas corpus court conducted an evidentiary hearing based on the claims Green presented in her state petition. Green's trial and appellate counsel testified at this hearing. (Doc. Nos. 13-5 and 13-6). In making his final ruling, Judge West applied Strickland, as adopted by Georgia courts in Smith v. Francis, 253 Ga. 782, 325 S.E.2d 362 (1985), to Green's enumerations of error regarding her ineffective assistance of appellate counsel claims and determined Green did not meet the Strickland test. Specifically, Judge West noted that Ms. Oliver, Green's appellate counsel, "regularly handled criminal appeals at the time she represented" Green on appeal. (Doc. No. 15-1, p. 5). Judge West also noted that, the record shows that Ms. Oliver raised ineffective assistance of trial counsel claims on appeal, and, therefore, Green did not meet the performance prong of the Strickland test.[5] Judge West noted that Green failed to present any evidence to substantiate her claims that she was not allowed to participate in voir dire or that she was not competent to stand trial and found

---

[5] Ms. Oliver testified that she reviewed the trial transcript and spoke with Green's trial counsel before determining what grounds to pursue on direct appeal and in collateral proceedings and thought trial counsel performed reasonably. Ms. Oliver also stated that she raised ineffective assistance of trial counsel claims on appeal based on Green's insistence. (Doc. No. 13-5, p. 18).

AO 72A
(Rev. 8/82)

that Green did not satisfy the performance prong. Finally, Judge West noted that Green failed to show that Ms. Oliver's performance on appeal fell below an object standard of reasonableness as to her assertion that Ms. Oliver was ineffective because she did not file a motion for reconsideration. (Id. at pp. 6-8).

The state habeas corpus court relied on clearly established federal law in making its determination that Oliver did not render ineffective assistance of counsel on appeal. The state habeas corpus court's adjudication on Green's ineffective assistance of appellate counsel claims was not contrary to nor an unreasonable application of clearly established federal law. Thus, Green is not entitled to relief on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Green's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE